UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN CARLOS BARRERA ESCALANTE,<br><br>                    Petitioner,<br><br>    v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                    Respondent. | CASE NO. C18-765-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Juan Carlos Barrera Escalante brings this *pro se* 28 U.S.C. § 2241 habeas action to obtain release from immigration detention or a bond hearing. Dkt. 3. The Government has moved to dismiss, arguing that Mr. Escalante's detention is lawful and comports with due process. Dkt. 6. Mr. Escalante did not file a response. As explained below, the Court recommends that the Government's motion to dismiss be **GRANTED**, petitioner's habeas petition be **DENIED**, and this action be **DISMISSED** with prejudice.

## BACKGROUND

Mr. Escalante is a native and citizen of El Salvador. Dkt. 7-1 at 3. In June 2005, he entered the United States without inspection and was apprehended by Border Patrol Agents near

REPORT AND RECOMMENDATION - 1

the Mexican border. *Id.* Immigration authorities placed Mr. Escalante in removal proceedings and then released him on his own recognizance. *Id.* at 3, 6-8. On April 13, 2006, he failed to appear at his removal hearing, and the immigration judge ("IJ") ordered him removed *in absentia*. *Id.* at 10.

Mr. Escalante lived at large until he was brought into immigration custody in April 2013. *Id.* at 25. In June 2013, U.S. Immigration and Customs Enforcement ("ICE") granted him a one-year stay of removal and released him on an order of supervision. *Id.* at 12, 14-16. Mr. Escalante filed a motion to reopen his removal case, which an IJ ultimately denied. *Id.* at 18-21. Mr. Escalante did not surrender to immigration authorities after his stay of removal expired.

On April 18, 2017, ICE officers encountered and detained Mr. Escalante. *Id.* at 24, 28. On May 5, 2017, he was removed El Salvador. *Id.* at 24, 28, 30-31. Approximately two months later, around July 10, 2017, Mr. Escalante returned the United States via Mexico without inspection, and Border Patrol Agents arrested him near the border. *Id.* at 33-35. The U.S. Department of Homeland Security ("DHS") reinstated his prior order of removal, and he applied for withholding of removal. *Id.* at 37, 39. On December 19, 2017, an IJ denied his requested relief. *Id.* at 39. On May 29, 2018, the Board of Immigration Appeals ("BIA") denied his appeal. *Id.* at 43-44. On June 11, 2018, Mr. Escalante filed a petition for review with the Ninth Circuit, which remains pending. *Barrera-Escalante v. Sessions*, Case No. 18-71688, Dkt. 1 (9th Cir. Jun. 11, 2018). The Ninth Circuit has issued a temporary stay of removal. *Id.*

Mr. Escalante has remained in detention since his arrest in July 2017. On January 17, 2018, he received a custody hearing before an IJ. *Id.* at 46, 50-53. The IJ ultimately determined that DHS "met its burden to show by clear and convincing evidence that [Mr. Escalante] is a flight risk" and that "[n]o amount of bond or conditions of parole are sufficient to ensure his

REPORT AND RECOMMENDATION - 2

future appearance or surrender." *Id.* at 53. Accordingly, the IJ denied bond. *Id.* Mr. Escalante appealed to the BIA. *Id.* at 49. On May 25, 2018, while his appeal was pending before the BIA, he initiated the instant habeas action, seeking release from immigration detention or a bond hearing. Dkt. 1. On May 29, 2018, the BIA dismissed his appeal. *Id.* ICE scheduled a second custody hearing for July 16, 2018. *Id.* at 55. Mr. Escalante, proceeding through counsel, withdrew his request for a hearing and waived his right to appeal. *Id.*

## DISCUSSION

Mr. Escalante is subject to a reinstated removal order and is in withholding only proceedings.[1] Thus, his detention is governed by 8 U.S.C. § 1231(a). *See Padilla-Ramirez v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017) (holding that § 1231(a) authorizes detention of noncitizens who are subject to reinstated removal orders and have applied for withholding of removal). "Section 1231(a) provides for mandatory detention during a ninety-day 'removal period,' *id.* § 1231(a)(2), and discretionary detention 'beyond the removal period' in certain circumstances, *id.* § 1231(a)(6)." *Padilla-Ramirez*, 882 F.3d at 829. Because Mr. Escalante's removal period has expired, he is detained under § 1231(a)(6).

In *Diouf v. Napolitano* ("*Diouf II*"), the Ninth Circuit held that "an individual facing prolonged immigration detention under 8 U.S.C. § 1231(a)(6) is entitled to release on bond unless the government establishes that he is a flight risk or a danger to the community." 634

---

[1] If a noncitizen who is removed pursuant to a removal order subsequently reenters the United States illegally, DHS may reinstate the original removal order. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (en banc); 8 C.F.R. § 241.8. A reinstated removal order is not subject to being reopened or reviewed and in most cases results in the noncitizen being removed without delay. *See* 8 U.S.C. § 1231(a)(5). There is one exception. When a noncitizen expresses a fear of return to his or her home country and an asylum officer finds this fear to be reasonable, the noncitizen is permitted to apply for withholding of removal. *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012); 8 C.F.R. §§ 241.8(e), 208.31(e). The IJ's decision to grant or deny withholding of removal may be appealed to the BIA. 8 C.F.R. § 208.31(g)(2)(ii). Judicial review of the BIA's determination is available in the Court of Appeals. *See Ortiz-Alfaro*, 694 F.3d at 958-60. While withholding only proceedings are pending before the IJ or the BIA, DHS cannot execute a reinstated removal order. *See id.* at 957; 8 U.S.C. § 1231(b)(3).

REPORT AND RECOMMENDATION - 3

F.3d 1081, 1082 (9th Cir. 2011). Specifically, the court held that the government must provide a custody hearing before an IJ to noncitizens who are denied release in their six-month DHS custody reviews and whose release or removal is not imminent. *Id.* at 1091-92 ("When detention crosses the six-month threshold and release or removal is not imminent, the private interests at stake are profound. Furthermore, the risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial."); *see also id.* at 1092 n.13 ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months.").

The Honorable James L. Robart recently relied on *Diouf II* to hold that noncitizens subject to reinstated removal orders who have applied for withholding of removal are entitled to automatic custody hearings every six months. *Martinez-Baños v. Asher*, No. C16-1454-JLR-BAT, 2018 WL 1617706 (W.D. Wash. Apr. 4, 2018) (adopting Report and Recommendation, 2018 WL 3244988 (W.D. Wash. Jan. 23, 2018)). Pursuant to *Martinez-Baños*, DHS provided Mr. Escalante with a custody hearing on January 17, 2018, and scheduled a second hearing for him on July 16, 2018, which he cancelled.

Furthermore, although the Court has jurisdiction to review custody hearing determinations for constitutional claims and legal error, *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011), Mr. Escalante identifies no error in the IJ's January 17, 2018 decision. An independent review of the decision confirms that it was procedurally sound: The IJ properly placed the burden of proof on DHS, reviewed the evidence in the record, considered the discretionary factors from *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), and concluded that Mr. Escalante is a flight risk because of his history of failing to appear for immigration proceedings and his very limited opportunities to remain lawfully in this country. Dkt. 7-1 at 50-

53.

In sum, Mr. Escalante's detention is statutorily authorized and comports with the requirements of *Martinez-Baños* and due process. Accordingly, he is not entitled to habeas relief.

## CONCLUSION AND RIGHT TO OBJECT

The Court recommends that the Government's motion to dismiss, Dkt. 6, be **GRANTED**, petitioner's habeas petition be **DENIED**, and this action be **DISMISSED** with prejudice. A proposed Order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **October 3, 2018.** The Clerk should note the matter for **October 5, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 12th day of September, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge